UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MAURICE JONES,<br><br>                Defendant. | Crim. Action No. 19-232 (EGS) |

**MEMORANDUM OPINION AND ORDER**

On February 20, 2020, Defendant Maurice Jones ("Mr. Jones") pled guilty to various offenses, including robbery, theft, and destruction of property. Plea Agreement, ECF No. 25 at 1.[1] Pursuant to the terms of the Rule 11(c)(1)(C) plea agreement, the parties agreed to a sentence of ninety-six months of imprisonment, to be followed by five years of supervised release. *Id.* at 3. Mr. Jones was detained pending sentencing under the mandatory detention provision of 18 U.S.C. § 3143(a)(2). *Id.* at 9. Sentencing, originally set for May 21, 2020, was continued at Mr. Jones' request. Min. Order of Feb. 25, 2020. The Court has not set a sentencing hearing in view of the Probation Office's request for a delay in sentencing. Min. Order of Apr. 9, 2020. Mr. Jones is currently in the custody of the District of Columbia's Department of Corrections ("DOC").

---

[1] When citing electronic filings throughout this Opinion, the Court cites to the ECF page number, not the page number of the filed document.

Pending before the Court is Mr. Jones' Emergency Motion for Release Pending Sentencing Due to the COVID-19 Pandemic. *See* Def.'s Mot., ECF No. 36. Upon careful consideration of the parties' submissions, the applicable law, and the entire record herein, Mr. Jones' motion is **DENIED WITHOUT PREJUDICE.**

Mr. Jones, a sixty-three year old male, seeks release from the Correctional Treatment Facility ("CTF") to home confinement because: (1) he has diabetes; (2) he had prostate cancer, high cholesterol, and arthritis; and (3) there is a heightened risk of him becoming terminally ill if he contracts COVID-19 based on his medical condition. Def.'s Mot., ECF No. 36 at 1. Relying on representations from the epidemiological community, Mr. Jones argues—and the government does not dispute—that "COVID-19's death rate goes up 1) the older you are and 2) the sicker you are." *Id.* at 6 (citing Decl. of Chris Beyrer, M.D. ("Beyrer Decl."), ECF No. 36-1 at 2 ¶ 6); *see also* Beyrer Decl., ECF No. 36-1 at 2 ¶ 6 ("The case fatality rate is higher in men, and varies significantly with advancing age, rising after age 50, and above 5% (1 in 20 cases) for those with pre-existing medical conditions including cardio-vascular disease, respiratory disease, diabetes, and immune compromise.").

Acknowledging that "the COVID-19 pandemic is obviously concerning," the government opposes Mr. Jones' motion. Gov't's Opp'n, ECF No. 39 at 5. In the government's view, it "still has

2

a duty to ensure the safety of the community and balance the security of others with the safety of [Mr. Jones]." *Id*. The government represents that it has evaluated each case for temporary release pursuant to 18 U.S.C. § 3142(i) or 18 U.S.C. § 3145(c), but Mr. Jones does not fall into the category of "those who actually need release." *Id*. The government contends that "the conduct detailed in the guilty plea and [Mr. Jones'] extensive criminal history, [Mr. Jones'] age and medical situation, do not outweigh the danger he would present if he were released to the community." *Id*. at 6.

Release of a defendant pending sentencing is governed by 18 U.S.C. § 3143. Section 3143(a)(1) provides that "the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." 18 U.S.C. § 3143(a)(1). "If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c)." *Id*. This statutory provision establishes a presumption in favor of detention that a defendant can rebut with clear and convincing evidence that he or she is not likely to flee or pose a danger to the safety of

3

any other person or the community if released. *United States v. Wiggins*, No. 19-CR-258 (KBJ), 2020 WL 1868891, at *4 (D.D.C. Apr. 10, 2020).

By contrast, Section 3143(a)(2) does not create a rebuttable presumption because detention is mandatory under that provision. *Id*. Section 3143(a)(2) provides that "[t]he judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained." 18 U.S.C. § 3143(a)(2). A defendant, like Mr. Jones, who has been convicted of specified crimes is eligible for release pending sentencing only if:

> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

*Id*.

Here, Mr. Jones pled guilty to an offense described in subparagraph (A), (B), or (C) of Section 3142(f)(1); accordingly, Mr. Jones was detained pending sentencing pursuant to Section 3143(a)(2). Plea Agreement, ECF No. 25 at 9 ¶ 8.

4

Because of Mr. Jones' guilty plea, the Court cannot find that there is a substantial likelihood that a motion for acquittal or new trial will be granted. *See* 18 U.S.C. § 3143(a)(2)(A)(i). And the government has recommended a sentence of imprisonment. *See id.* § 3143(a)(2)(A)(ii); *see also* Plea Agreement, ECF No. 25 at 3-4 ¶ 4. The remaining issue is whether the Court can find by clear and convincing evidence that Mr. Jones is not likely to flee or pose a danger to any other person or the community. *See Wiggins*, 2020 WL 1868891, at *4 n.3.

Under the facts and circumstances of this case, the Court cannot find by clear and convincing evidence that Mr. Jones is not likely to pose a danger to the safety of any other person or the community if he were released pending sentencing. *See* 18 U.S.C. § 3143(a)(2)(B).[2] "To determine whether a defendant subject to [Section] 3143 poses a risk of flight or danger, the court may consider the factors set forth in [18 U.S.C.]

---

[2] Mr. Jones argues that he has no incentive to flee. Def.'s Mot., ECF No. 36 at 11. The Court cannot find that Mr. Jones is likely to flee because flight would be risky and difficult in light of the barriers to travel created by the COVID-19 pandemic. *See, e.g., United States v. Palmer*, No. CR PX-19-514, 2020 WL 1812930, at *5 (D. Md. Apr. 9, 2020) (finding that, among other things, "applicable stay-at-home orders arising from the COVID-19 pandemic," mitigated the risk of flight and danger to the community); *Matter of Extradition of Toledo Manrique*, No. 19-71055, 2020 WL 1307109, *1 (N.D. Cal. Mar. 19, 2020) ("This [flight risk] problem has to a certain extent been mitigated by the existing pandemic. The Court's concern was that [defendant] would flee the country, but international travel is hard now. Travel bans are in place.").

§ 3142(g)." *United States v. Weekes*, No. 13-CR-187 (KBJ), 2013 WL 6571598, at *1 (D.D.C. Dec. 13, 2013). And those four factors are as follows: (1) "the nature and circumstances of the offense charged, including whether the offense . . . involves a . . . firearm;" (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release." 18 U.S.C. § 3142(g).

First, the nature and circumstances of Mr. Jones' offenses favor detention. The charged offenses are serious, as they stem from two armed robberies and additional offenses committed along with Mr. Gregory Fletcher, the co-defendant in this case. *See* Statement of Offense ("SOF"), ECF No. 27 at 4-9. After a federal grand jury returned a three-count Superseding Indictment against him, Mr. Jones pled guilty to a Superseding Information, charging him with the following offenses: (1) one count of Aiding and Abetting the Use, Carrying, and Possession of a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i); (2) one count of Robbery, in violation of 22 D.C. Code § 2801; (3) two counts of Second Degree Theft, in violation of 22 D.C. Code §§ 3211, 3212(b); and (4) one count of Destruction of Property, in violation of 22 D.C. Code § 303. *See* Plea Agreement, ECF No. 25 at 1 ¶ 1; *see also* Superseding

Indictment, ECF No. 11 at 1-4.

Between June 18, 2019 and June 30, 2019, Mr. Jones and his co-defendant committed the offenses—burglary, destruction of property, robberies, and thefts—at nine different commercial establishments in the District. SOF, ECF No. 27 at 5-9. Mr. Jones and his co-defendant planned each of these offenses. *Id*. at 4-5. During the commission of these crimes, the co-defendant possessed, used, and brandished a firearm. *Id*. at 5. And Mr. Jones was aware of the firearm that was used as part of the underlying criminal conduct. *Id*. The nature and circumstances of these offenses are serious, and Mr. Jones' admissions regarding his participation in the underlying criminal conduct weigh heavily in favor of detention.

Next, the second Section 3142(g) factor—the weight of the evidence against Mr. Jones—favors detention. "[A] district court assessing the weight of the evidence must not consider the evidence of defendant's guilt, but rather must consider only the weight of the evidence of defendant's dangerousness." *United States v. Hunt*, 240 F. Supp. 3d 128, 134 (D.D.C. 2017). In doing so, this Court finds that the weight of the evidence against Mr. Jones is substantial. The record contains, among other things, Mr. Jones' own admissions of the evidence by virtue of his guilty plea, surveillance video footage of the offenses, the vehicle owned by Mr. Jones to flee the establishments, and the

firearm used during the armed robberies. *See* SOF, ECF No. 27 at 4-9.

The third Section 3142(g) factor—Mr. Jones' history and characteristics—militates against his release. The Court's 3142(g)(3) analysis takes into consideration: "(1) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (2) whether, at the time of the current offense or arrest, the defendant was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal, state, or local law." *United States v. Taylor*, 289 F. Supp. 3d 55, 69 (D.D.C. 2018). Mr. Jones argues—and the Court agrees—that the ongoing COVID-19 pandemic impacts the Court's Section 3142(g)(3) analysis. *See* Def.'s Reply, ECF No. 40 at 12 (citing cases).

The government does not deny that Mr. Jones is sixty-three years old; he suffers from diabetes; and he had prostate cancer, high cholesterol, and arthritis. *See* Gov't's Opp'n, ECF No. 39 at 5. It is undisputed that Mr. Jones' medical condition makes him vulnerable to COVID-19. *See, e.g.*, Def.'s Mot., ECF No. 36 at 6; Beyrer Decl., ECF No. 36-1 at 2 ¶ 6. Mr. Jones contends—

and the government does not dispute—that "[h]e has strong family support, a dedicated wife and several family members here in the Washington, D.C. area." Def.'s Mot., ECF No. 36 at 11; *see also* Gov't's Opp'n, ECF No. 39 at 1-21. The Court credits these characteristics and Mr. Jones' medical condition.

In weighing the medical condition and characteristics, the Court must balance, among other things, Mr. Jones' past conduct and criminal history. *See Taylor*, 289 F. Supp. 3d at 69. Mr. Jones' prior convictions span from 1976 to 2012, and those convictions include burglary, theft, assault, grand larceny, credit card fraud, and drug possession. *See* Gov't' Opp'n, ECF No. 39 at 6-7. Mr. Jones concedes that his criminal history is lengthy, but Mr. Jones argues that Judge Randolph D. Moss released a defendant who had a "lengthy" criminal history and a "pattern of disregard for court-ordered conditions of his release." Def.'s Reply, ECF No. 40 at 13 (quoting Order, *United States v. McLean*, No. 19-cr-380-RDM, (D.D.C. Mar. 28, 2020), ECF No. 21 at 2).

*McLean*, however, is distinguishable from this case because Judge Moss explained that "much of [the defendant's] history is stale . . ., and none of it involves acts of violence." Order, *McLean*, ECF No. 21 at 2. In this case, Mr. Jones' history is not entirely stale, and his prior convictions are similar to the underlying offenses. The government argues—and Mr. Jones does

not dispute—that: (1) "[t]he conduct detailed in the plea hearing depicted a *violent* crime spree – at times involving the use of firearms"; and (2) the underlying conduct was "*violent* conduct that occurred while [Mr. Jones] was on supervised release for an earlier string of burglaries (a string of offenses, that like here, appeared to continue unabated until he was arrested)." Gov't's Opp'n, ECF No. 39 at 6 (emphasis added). In fact, Mr. Jones was on pretrial release in a Maryland case for theft at the time of his arrest in this case. *Id*. at 6 n.4. Given Mr. Jones' disregard for court-ordered conditions of release and his extensive criminal history, the third factor favors detention even though the calculus has changed due to the COVID-19 pandemic.

The fourth Section 3142(g) factor—Mr. Jones' danger to the community—weighs in favor of detention. The Court acknowledges that "[t]he pandemic is new information that has a material bearing on pretrial release and affects the Court's analysis of the [fourth factor]." Def.'s Reply, ECF No. 40 at 12. And the continued detention of Mr. Jones poses a risk to him in light of the COVID-19 pandemic. But Mr. Jones has willfully and voluntarily pled guilty to serious offenses, he has an extensive criminal record, and he has disregarded his previous conditions of release. The Court cannot find by clear and convincing evidence that any conditions would ensure the safety of any

individual or the community were Mr. Jones to be released.

Although Mr. Jones cannot satisfy the criteria set forth in Section 3143(a)(2), "the safety valve from mandatory detention found in 18 U.S.C. § 3145(c) authorizes district court judges to grant relief in appropriate circumstances." *United States v. Harris*, No. CR 19-356, 2020 WL 1503444, at *1 (D.D.C. Mar. 27, 2020). By its terms, "[a] person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are *exceptional reasons* why such person's detention would not be appropriate." 18 U.S.C. § 3145(c) (emphasis added). Section 3145(c)'s references to Section 3143(b)(1) and Section 3143(b)(2) relate to release pending an appeal or a petition for a writ of certiorari; thus, those provisions are inapplicable here. *See United States v. Armstead*, No. CR 18-00357 (APM), 2020 WL 1821130, at *2 n.3 (D.D.C. Apr. 10, 2020).

Section 3145(c) is applicable in this case. In *Harris*, the defendant pled guilty to the distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and that crime was subject to Section 3143(a)(2)'s mandatory detention provision. *Harris*, 2020 WL 1503444, at *2. Judge Moss concluded that Section 3145(c) authorized the release of the defendant on

11

certain conditions based on the relevant facts and circumstances in that case. *Id*. at *5. Like the defendant in *Harris*, Mr. Jones is detained pursuant to Section 3143(a)(2). And the safety valve from mandatory detention found in Section 3145(c) applies to Mr. Jones. *See id*.[3]

The parties disagree as to whether there are exceptional reasons why Mr. Jones' continued detention would be appropriate in light of the COVID-19 pandemic. To support his position, Mr. Jones identifies three factors justifying the existence of "exceptional reasons" within the meaning of Section 3145(c):

> (1) Mr. Jones's potential exposure to COVID-19 as a result of other CTF inmates testing positive and dying from COVID-19 in the 50 and older unit of CTF, (2) Mr. Jones's health

---

[3] The government notes that "[t]he majority of district courts that have addressed the issue appear to have found that [Section] 3145(c) does apply in the present circumstance," but the government contends that "[t]he title of [Section] 3145(c) itself indicates that [Section] 3145(c) is intended to apply to and govern appeals from the detention or release order to a court of appeals." Gov't's Opp'n, ECF No. 39 at 4-5 n.2. The government's contention is unavailing. Although the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") has not addressed the applicability of 18 U.S.C. § 3145(c), Mr. Jones correctly points out that Judge Moss recently explained that the "overwhelming majority of the judicial decisions interpreting § 3145(c) also runs counter to the Government's position." Def.'s Reply, ECF No. 40 at 4 (quoting *Harris*, 2020 WL 1503444, at *4). Indeed, courts in this District have recognized that district courts have authority to release a defendant under Section 3145(c). *See, e.g.*, Order, *United States v. Rees*, No. 19-cr-378 (EGS) (D.D.C. Apr. 4, 2020), ECF No. 23 at 3-4; *Wiggins*, 2020 WL 1868891, at *5; *Armstead*, 2020 WL 1821130, at *2; Release Order, *United States v. Meekins*, No. 18-cr-222 (APM) (D.D.C. Mar. 31, 2020), ECF No. 75 at 1.

> conditions that put him at risk of death because of the virus, and (3) Mr. Jones's sentencing and preparation for sentencing being further delayed while he remains at CTF[.]

Def.'s Reply, ECF No. 40 at 5. It is undisputed that a fifty-one year old CTF inmate recently died after contracting COVID-19, and that he suffered from diabetes and other health issues. *E.g.*, Def.'s Suppl., ECF No. 38 at 1; Gov't's Opp'n, ECF No. 39 at 11. There is no dispute that Mr. Jones is housed in the same unit as the CTF inmate who tested positive for and died from COVID-19. *See* Def.'s Reply, ECF No. 40 at 12.

Contrary to the government's contention, the uncertainty of the COVID-19 pandemic, the presence of COVID-19 in DOC's facilities, and the possibility of Mr. Jones contracting COVID-19 constitute "exceptional reasons" within the meaning of Section 3145(c). *See id.* at 5; *see also* Gov't's Opp'n, ECF No. 39 at 5. Indeed, "[t]he exceptional-reasons analysis is flexible and permits courts to respond to real-world circumstances in a pragmatic and common-sense manner." *Harris*, 2020 WL 1503444, at *6. Under this flexible standard, "[t]he presence of COVID-19 is one such circumstance." *Id.* While this case presents exceptional reasons, Mr. Jones cannot meet the other prerequisite under Section 3145(c) because Mr. Jones fails to meet the conditions of release set forth in Section 3143(a)(1). *See* 18 U.S.C. § 3145(c).

13

Next, Mr. Jones seeks temporary release under 18 U.S.C. § 3142(i). *See* Def.'s Reply, ECF No. 40 at 9. Mr. Jones did not move for such relief in his motion or the supplement to his motion. Nonetheless, the Court will consider his arguments because the government specifically referenced Section 3142(i) in its opposition brief. *See* Gov't's Opp'n, ECF No. 39 at 5, 14, 21. Section 3142(i), in relevant part, provides that "[t]he judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i); *see also United States v. Kennedy*, No. 18-20315, 2020 WL 1493481, at *4 (E.D. Mich. Mar. 27, 2020) (finding that "temporary pretrial release [was] necessary for the compelling reason that it [would] protect [the] [d]efendant, the prison population, and the wider community during the COVID-19 pandemic, and also that pretrial release [was] necessary for the preparation of [the] [d]efendant's pre-sentencing defense").

Assuming, without deciding, that the language in Section 3142(i)—"preparation of the person's defense"—applies to a defendant who has pled guilty to an offense, Mr. Jones' reliance on *United States v. Kennedy*, 2020 WL 1493481, at *4, is

14

misplaced. In that case, the court found that the defendant's temporary release under Section 3142(i) was necessary in order for him to prepare and consult with his attorney for "an upcoming bond review hearing on June 4, 2020 and an upcoming sentencing hearing on July 28, 2020." *Kennedy*, 2020 WL 1493481, at \*4. The opposite is true here.

In this case, there are no upcoming hearings as to Mr. Jones. *See generally* Docket for Crim. Action No. 19-232. Due to the COVID-19 pandemic, the Probation Office postponed the presentence investigation interview of Mr. Jones, and the Court granted the Probation Office's unopposed request to file the final presentence investigation report by no later than June 26, 2020. Min. Order of Apr. 9. 2020. While Mr. Jones asserts that "[a]ttorneys from the Federal Public Defender's Office have faced difficulties having legal calls with clients," Def.'s Reply, ECF No. 40 at 10, Judge Colleen Kollar-Kotelly recently addressed the lack of access to legal calls at CTF, *Banks v. Booth*, No. CV 20-849(CKK), 2020 WL 1914896, at \*15 (D.D.C. Apr. 19, 2020) (granting in part and denying in part plaintiffs' motion for a temporary restraining order). And Judge Kollar-Kotelly ordered DOC to "ensure that all inmates, including those on isolation, have access to confidential, unmonitored legal calls of a duration sufficient to discuss legal matters." *Id*. The Court therefore finds that release is not necessary for

15

Mr. Jones to prepare his pre-sentencing defense, and that his need to prepare for sentencing is not a compelling reason within the meaning of Section 3142(i).

This Court recognizes that the global COVID-19 pandemic is unprecedented. The Court acknowledges that COVID-19 poses a serious risk to Mr. Jones given that an inmate recently died after contracting COVID-19, and a number of inmates have tested positive for COVID-19. *See Banks*, 2020 WL 1914896, at *11. The government claims that "DOC appears to be taking this pandemic seriously, and complying with D.C. [Department] of Health mandates regarding how to handle positive tests and symptomatic patients." Gov't's Opp'n, ECF No. 39 at 11. But the government correctly notes that the confinement conditions at DOC's facilities are currently being litigated in a class action lawsuit in this District. *Id*. And the government urges this Court to "allow the litigation in *Banks v. Booth* [to] take its course." *Id*.

In *Banks*, Judge Kollar-Kotelly found that the plaintiffs established a likelihood of success on the merits of their due process claim because the plaintiffs "provided evidence that [the] [d]efendants are aware of the risk that COVID-19 poses to [the] [p]laintiffs' health and have disregarded those risks by failing to take comprehensive, timely, and proper steps to stem the spread of the virus." 2020 WL 1914896, at *11. Judge Kollar-

16

Kotelly acknowledged that "additional development of the record may show that [the] [d]efendants are taking sufficient precautions and that [the] [d]efendants' response continues to evolve." *Id*. Recognizing "the gravity of [the] [p]laintiffs' asserted injury, as well as the permanence of death," Judge Kollar-Kotelly found that the plaintiffs faced irreparable harm in the absence of injunctive relief. *Id*. Although not ordering the release of any inmates detained at DOC's facilities, Judge Kollar-Kotelly concluded that the plaintiffs were entitled to "some injunctive relief," *id*. at *13, and ordered, among other things, DOC to: (1) implement improved social distancing practices; (2) issue clear written guidance on wearing personal protective equipment; and (3) provide cleaning supplies for each unit, and access to confidential, unmonitored legal calls for inmates, *id*. at *13-*15.[4]

---

[4] Mr. Jones argues that his continued detention violates the Eighth Amendment to the United States Constitution because he is "housed at a facility that is unable to adequately protect him from contracting the virus and, more importantly, places him at a heightened risk of exposure due to the environmental conditions." Def.'s Mot., ECF No. 36 at 14-15. The government does not specifically respond to Mr. Jones' Eighth Amendment claim. *See* Gov't's Opp'n, ECF No. 39 at 1-21. "[B]ased on the limited record before it . . ., the Court cannot make a finding that the government has failed to act or has been deliberately indifferent that would completely outweigh the factors set forth in the Bail Reform Act." Order, *United States v. Phillips*, No. 20-cr-36 (ABJ) (D.D.C. Apr. 10, 2020), ECF No. 33 at 13; *accord United States v. Lee*, No. 19-CR-298 (KBJ), 2020 WL 1541049, at *5 (D.D.C. Mar. 30, 2020).

While COVID-19 continues to spread and the global COVID-19 pandemic rapidly evolves, a district court is left to conduct an individualized analysis of the facts in each case to resolve a defendant's motion for release under current law. "'Congress has given judges only limited tools' to address the requested release of individual detainees." *Wiggins*, 2020 WL 1868891, at *8 (quoting *United States v. Nkanga*, No. 18-cr-713, 2020 WL 1529535, at *4 (S.D.N.Y. Mar. 31, 2020)). After carefully considering the facts in this case and balancing the factors set forth in the Bail Reform Act, the Court cannot grant Mr. Jones' requested relief.

The Court, however, is mindful that Mr. Jones faces heightened risk factors from the global COVID-19 pandemic due to his advanced age and medical condition. As DOC endeavors to comply with the Temporary Restraining Order in *Banks*, the Court "will entertain a renewed request for release if—at some point in the future—it becomes clear that DOC is unwilling or unable to protect individuals in its custody from contracting the disease." *Lee*, 2020 WL 1541049, at *7.

Accordingly, it is hereby

**ORDERED** that Mr. Jones' Emergency Motion for Release Pending Sentencing Due to the COVID-19 Pandemic, ECF No. 36, is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
**United States District Judge**
**April 23, 2020**